**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

THRIVENT FINANCIAL FOR LUTHERANS,
             *Plaintiff-Appellee,*

v.

LUCIA E. ANDRONESCU, FKA Lucia E. Anderson,
             *Defendant-cross-defendant-*
             *Appellee,*

v.

JOHANNA M. ANDERSON,
             *Defendant-cross-claimant-*
             *Appellant.*

No. 11-35437

D.C. No.
1:10-cv-00156-RFC
District of Montana,
Billings

ORDER
CERTIFYING
QUESTION TO
THE SUPREME
COURT OF THE
STATE OF
MONTANA

Filed July 3, 2012

Before: Barry G. Silverman and Mary H. Murguia,
Circuit Judges, and Janet C. Hall,
District Judge.*

## ORDER

**I.**

Pursuant to Rule 15(3) of the Montana Rules of Appellate Procedure, we respectfully request the Montana Supreme Court to exercise its discretion to adjudicate the following question of Montana law:

---

*The Honorable Janet C. Hall, United States District Judge for the District of Connecticut, sitting by designation.

Does Mont. Code Ann. § 72-2-814 serve to revoke a life insurance policy owner's designation of an ex-spouse as the beneficiary of the insurance policy where the divorce occurred prior to the enactment of Mont. Code Ann. § 72-2-814 and the policyholder died after the enactment of Mont. Code Ann. § 72-2-814?

## II.

Pursuant to Mont. Rule App. Proc. 15(6)(a)(ii), we provide a brief summary of the facts relevant to the certified question. Appellant/Defendant/Cross-claimant Johanna Anderson ("Johanna") appeals the district court's judgment in favor of Appellee/Defendant/Cross-defendant Lucia Andronescu ("Lucia") in a diversity interpleader action brought by insurer Thrivent Financial For Lutherans. Lucia is the former spouse of Brent Anderson ("Brent"). Following Brent's death, Johanna and Lucia made competing claims for the proceeds of Brent's life insurance policy, and Thrivent interpleaded the insurance proceeds. The district court awarded the insurance proceeds to Lucia, and this appeal followed.

In August 1990, Brent purchased life insurance in Arizona. As beneficiaries of the policy, Brent named first, his then-wife Lucia, second, his parents Andrew (now deceased) and Johanna Anderson, and third, his sister. In June 1993, Brent and Lucia were divorced in Arizona. Pursuant to the divorce decree, Brent received the insurance policy on his life and Lucia received the insurance policy on her life.

Later that year, Montana enacted Mont. Code Ann. § 72-2-814, which became effective October 1, 1993. The provision, entitled "Revocation of probate and nonprobate transfers by divorce—no revocation by other changes of circumstances," is taken from the Uniform Probate Code. *See* Unif. Probate Code § 2-804. Under § 72-2-814, a divorce automatically revokes a revocable instrument. *Id.* § 72-2-814(2)(a)(i). Specifically, a divorce revokes "disposition or appointment of

property made by a divorced individual to the individual's former spouse in a governing instrument . . . ." *Id.*

Brent died in Montana on August 1, 2010, having never changed the name of the beneficiaries on his life insurance policy. Thrivent brought this interpleader action so that the court could determine whether Lucia or Johanna was the rightful beneficiary. The district court granted judgment on the pleadings and awarded the proceeds to Lucia based on its conclusions that: (1) although the divorce decree awarded the policy to Brent, it did not change the designation of Lucia as beneficiary, and (2) Mont. Code Ann. § 72-2-814 does not apply to Brent and Lucia's divorce.

## III.

There is no controlling court decision or statute on whether Mont. Code Ann. § 72-2-814 revokes a beneficiary designation where the designation and divorce occurred prior to § 72-2-814's effective date, but the death of the policyholder occurred after it. The answer may be determinative of the appeal pending before us. Mont. Rule App. Proc. 15(3).

We acknowledge that the Montana Supreme Court may reformulate the question, and that our phrasing of the question is not intended to restrict your Court's consideration of the request. *See* Mont. Rule App. Proc. 15(6)(a)(iii).

## IV.

The clerk of this court shall forward a copy of this order, under official seal, to the Montana Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court.

The parties shall notify the clerk of this court within 14 days of any decision by the Montana Supreme Court to accept or decline certification. If the Montana Supreme Court

accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that Court's opinion. Submission of this appeal will be vacated by a separate order pending the Montana Supreme Court's response to our request.

**V.**

The following is a list of counsel appearing in this matter:

Counsel for Plaintiff-Appellee Thrivent Financial For Lutherans:

> Frederick Matthew Ralph
> Dorsey & Whitney, LLP
> 50 South 6th Street, Suite 1500
> Minneapolis, MN 5540

Counsel for Defendant-Cross-defendant-Appellee Lucia E. Andronescu:

> Gary M. Zadick
> Ugrin Alexander Zadick & Higgins, PC
> P.O. Box 1746
> Great Falls, MT 59403-1746

Counsel for Defendant-Cross-claimant-Appellant Johanna M. Anderson:

> Roberta Anner-Hughes
> Anner-Hughes Law Offices
> P.O. Box 1156
> Billings, MT 59103-1156

**QUESTION CERTIFIED.**